# EXHIBIT A

# EXHIBIT A

Gastone Bebi, State Bar #110183
THE LAW OFFICES OF GASTONE BEBI
501 West Broadway, Suite 1340
San Diego, CA 92101
Tel:. (619) 237-0514
Fax: (619) 363-4602
E-mail bebilaw@gmail.com

Attorneys for Plaintiffs
**Rocky and Corina Trevino**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**02/09/2021** at 05:55:54 PM
Clerk of the Superior Court
By Aida Cruz,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

ROCKY TREVINO, an individual, and CORINA TREVINO, an individual

Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, a business entity, and DOES 1 through 100, inclusive,

Defendants,

CASE NO. 37-2021-00005944-CU-PO-CTL

COMPLAINT FOR DAMAGES

Plaintiff demands trial by jury and alleges as follows:

### INTRODUCTORY ALLEGATIONS

1. Venue is proper in this court as both plaintiff and defendant are residents of San Diego County.

2. That the true names and capacities, whether individual, corporate, associate, or otherwise of defendants DOES 2 through 100, inclusive are unknown to plaintiff, who therefore

Trevino v. Costco et. al.

1  sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon
2  alleges that each of the defendants designated herein as DOE is legally responsible in some
3  manner for the events and happenings herein referred to, and legally caused injuries and
4  damages proximately thereby to plaintiff as herein alleged.

5      3.  At all relevant times plaintiffs  Rocky and Corina Trevino were residents of San
6  Diego County.

7      4.  Defendant COSTCO WHOLESALE CORPORATION (hereinafter "Defendant
8  COSTCO)") is. and at all times relevant· was, a grocery/retail warehouse business operating
9  as a commercial entity at 650 Gateway Center Drive, San Diego, California 92102 .

10      5.  Defendant DOE 1, whose identity is yet unknown to plaintiffs, is sued. by such
11  fictitious name and as Doe Defendant pursuant to California Code of Civil Procedure section
12  474 for failing to take appropriate and necessary action to secure outdoor umbrellas and to
13  inspect or correct the "unsafe and dangerous" placement of umbrellas in light of the wind
14  conditions in existence at the time of the incident as further described in this complaint. Upon
15  information and belief, and is therefore legally responsible for the events, happenings,
16  wrongful acts and omissions ns alleged herein and proximately caused the damages to
17  Plaintiff as hereinafter alleged . Plaintiff will seek leave to amend this Complaint to
18  show the true names, rights, interests and capacities of such fictitiously named defendants
19  when the same have been ascertained..

20

21            **INTRODUCTORY ALLEGATIONS**

22      6.  Plaintiffs are informed and believe and thereon allege that COSTCO owns and
23  operates a Food Court (hereinafter Food Court) at its premises located at  650 Gateway
24  Center Drive, San Diego, California 92102.  COSTCO members are invited to purchase food
25  and beverages for consumption on benches and tables, maintained, by defendants COSTCO
26  and DOE 1.

27      7. During the week of February 17, 2019, San Diego County was experiencing high
28  wind weather conditions.

Trevino v. Costco et. al.

8.   On or about Feb. 17, 2019 the Food Court area contained several benches and tables, provided by COSTCO to its members for the purpose of consuming the food and beverages offered for sale at the Food Court. Plaintiffs are informed and believe and thereon allege COSTCO and DOE 1 designed. constructed, owned, operated, maintained, inspected, and controlled the Food Court, including the tables, seats and outdoor umbrellas on the premises.

9.   On or about Feb. 17, 2019 plaintiffs were in the COSTCO food court, had purchased food and a beverage and were preparing to sit at one of the tables located in the food court, and provided by COSTCO to its members, when an unsecured large COSTCO umbrella flew and struck plaintiff Rocky Trevino in the back of his head with great force. The blow from the umbrella knocked Rocky Trevino to the ground, caused him to lose consciousness and caused him great personal injury.

10.   Defendants carelessly and negligently designed. constructed, owned, operated, maintained, inspected, controlled their premises and , carelessly and negligently supervised. managed, instructed others to maintain, inspect, operate, supervise and control the Subject Properly resulting in the presence of dangerous, detective and unsafe condition on the Subject Property.

11.   As a direct and proximate result of the acts and omissions of Defendants, and each of them. Plaintiff Rocky Trevino was severely injured and damaged. Defendants acts and omissions were a substantial factor in causing Plaintiffs harm. Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to; past and future medical expenses, loss of income, physical pain, mental suffering. loss of enjoyment of life, physical impairment:, inconvenience, grief, anxiety, humiliation, and emotional distress.

**PLAINTIFF ROCKY TREVINO, FOR A FIRST CAUSE OF ACTION AGAINST COSTCO, DOE 1 AND DOES 12 THROUGH 100, FOR NEGLIGENCE/PREMISES LIABILITY ALLEGES:**

12.   Plaintiff refers to Paragraphs 1 through 11, inclusive of the Introduction, and

Trevino v. Costco et. al.

1   incorporates those paragraphs as though set forth in full in this cause of action.

2       13. Defendants owned, leased, controlled, maintained, managed, operated, and/or was

3   otherwise in possession of the Subject Property.

4       14. On February 17, 2019 while preparing to sit and eat food that he purchased at the

5   Subject Property Food Court, plaintiff ROCKY TREVINO was struck in the back of the head

6   by an umbrella that defendants had failed to properly secure given the then existing windy

7   conditions. The blow caused by the umbrella was of sufficient force to knock ROCKY

8   TREVINO to the ground causing him to sustain bodily harm and injury, and to and to cause

9   him to be transported to the hospital by ambulance. .

10      15. Defendants, and each of them, had a duty, under California Civil Code§ 1714, to

11  act in a reasonable manner toward others, including Plaintiff. Defendants, and each of them,

12  had a duty to act as reasonable operators, owners, contractors, managers, controllers,

13  merchandisers, retailers, and to ensure to a reasonable extent the safety of the users of the

14  Subject Property, such as Plaintiff.

15      16. Defendants, and each of them, were required to use ordinary care to prevent injury

16  to others at the Subject Property, and maintain in safe condition and remedy dangerous

17  conditions within a reasonable period of their occurrence. The Subject Property was unsafe

18  and contained hazards that materially affected the health and safety of Plaintiffs.

19      17. Further, as landlords, Defendants had a duty to conduct reasonable periodic

20  inspections of Subject Property for unsafe conditions and take reasonable precautions to

21  prevent injury due to the conditions that were or reasonably should have been discovered in

22  the process.

23      18. Defendants had a du.ty to take reasonable precautions to prevent injury due to any

24  unsafe condition in an area of the Subject Property since Defend;mts had actual and/or

25  constructive knowledge of the condition and the right and ability to correct it.

26      19. The deficiencies described herein constituted a dangerous condition presenting an

27  unreasonable risk of harm to Plaintiff. Tbe dangerous conditions include, but are not limited

28  to, failing to properly secure, remove, remedy, or to properly place or store outdoor umbrellas

Trevino v. Costco et. al.

4

8

1   in a safe manner; failing to reasonably and safely use, design, install, and maintain the Food

2   Court dining area; failing to adequately warn and protect Plaintiff about and from unsafe

3   conditions at Subject Property, all of which posed a severe risk of injury.

4       20. Defendants, and each of them, knew, or in the exercise of reasonable care should

5   have known that the deficiencies constituted dangerous conditions and presented an

6   unreasonable risk of harm to Plaintiff. Defendants, and each of them, negligently and willfully

7   failed to take steps to either make the conditions safe or suitably warn Plaintiff of the

8   dangerous conditions, all of which caused Plaintiff to be exposed to dangerous conditions set

9   forth above, and to suffer injuries and damages.

10      21. Plaintiffs are informed and believe and thereon allege that Defendants negligently

11  hired, trained, supervised, or retained other Defendants to maintain, inspect, assess, control,

12  and manage retail goods and merchandise at the Subject Property, including to monitor, place,

13  and control the Food Court dining area.

14      22 . As a direct and proximate result of Defendants' violations, Plaintiff was injured and

15  suffered economic and non-economic damages, including but not limited to past and future

16  medical expenses; loss of income, physical pain, mental suffering, loss of enjoyment of life,

17  physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

18

19  **PLAINTIFF ROCKY TREVINO, FOR A SECOND CAUSE OF ACTION AGAINST**
    **COSTCO, DOE 1 AND DOES 12THROUGH 100, RES IPSA LOQUITOR, ALLEGES:**

20

21      23.  Plaintiff refers to Paragraphs 1 through 22, inclusive of the Introduction, and

22  incorporates those paragraphs as though set forth in full in this cause of action.

23      24. As alleged herein, on Feb. 17, 2019, Rocky Trevino was an invitee on

24  COSTCO's premises. The conduct and omissions of defendants are presumed to be

25  negligent because:

26      a) Being struck by a flying umbrella in the Costco food court ordinarily would not

27  happen unless someone was negligent;

28      b) The failure to properly secure COSTCO's umbrella was caused by something that

Trevino v. Costco et. al.

9

1  only defendants controlled; and

2      c) Rocky Trevino's voluntary actions did not cause or contribute to his being struck

3  by the umbrella.

4      25. As a direct and proximate result of Defendants' violations, Plaintiff was injured

5  and suffered economic and non-economic damages, including but not limited to past and

6  future medical expenses; loss of income, physical pain, mental suffering, loss of

7  enjoyment of life,

8

9      **PLAINTIFF CORINA TREVINO, FOR A THIRD CAUSE OF ACTION**

   **AGAINST COSTCO, AND DOES 1 THROUGH 100, FOR NEGLIGENT INFLICTION OF**

10  **EMOTIONAL DISTRESS, ALLEGES:**

11

12      26.  Plaintiff refers to Paragraphs 1 through 25, inclusive of the Introduction, and

    incorporate those paragraphs as though set forth in full in this cause of action.

13

14      27.   Defendants, and each of them, had a legal duty to Plaintiff, as a foreseeable

    victim; to exercise reasonable care as set forth herein. Defendants' breach was the legal

15
    and proximate cause of the injuries and damages suffered by Plaintiff.
16

17      28. As a result of the negligent conduct of Defendants, and each of them, Plaintiff

    suffered serious emotional distress. Defendants knew or should have known that Plaintiff,
18
    the wife of Rocky Trevino, would be harmed and suffer serious emotional distress during
19
    and as a result of their acts, omissions, conduct and/or other wrongdoing. Defendants
20
    knew or should have known that their conduct would cause serious emotional distress to
21
    Plaintiffs and that she would be harmed by injury to her husband. The Defendants' conduct
22
    was a substantial factor in causing his or her serious emotional distress.
23

24      29.  Because of the conduct of the Defendants, and each of them, and as a direct

    and proximate result thereof, Plaintiff has sustained emotional distress, shock and injury to
25
    her nervous system, all of which has caused, continues to cause, and will cause mental
26
    pain and suffering, all to Plaintiff's general damage in a sum to be determined at the time
27
    of trial. Plaintiff suffers and continues to suffer severe emotional distress as a result of the
28
    incident, including, but not limited to, anxiety, fear, nervousness, shock, horror and worry.

Trevino v. Costco et. al.

1        30. As a direct and legal result of Defendants' negligence, Plaintiff was injured

2   emotionally, and/or economically, and she was in the zone of danger, and reasonably

3   feared for her safety, the safety of her husband, Rocky Trevino, and witnessed

4   her husband sustain serious injury.. As a result, Plaintiff suffered damages as alleged

5   herein.

6        31. As a proximate result of defendants' conduct, plaintiff sustained damages in an

7   amount to be determined at trial, and other incidental out-of-pocket costs according to

8   proof as herein alleged.

9        32.   As a proximate result of the aforementioned wrongful conduct of defendants,

10  plaintiff has suffered, and will continue to suffer in the future, damages plus interest for a

11  total amount to be shown at the time of trial.

12       WHEREFORE, Plaintiff demands trial by jury and prays:

13       1. For Special damages (past and future) in an amount to be determined at the time

14  of trial;

15       2. General damages and incidental damages (past and future) in an amount to be

16  determined at the time of trial;

17       3. For interest at the legal rate;

18       4. For costs of suit herein incurred; and

19       5. For such other and further relief as the court deems proper.

20

21

22  DATED: February 9, 2021

                            THE LAW OFFICES
                            OF GASTONE BEBI

23

                            By: _____

24
                            GASTONE BEBI
                            Attorney for Plaintiffs

25

26

27

28

Trevino v. Costco et. al.