UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY TREVINO and CORINA TREVINO,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>Defendants. | Case No.: 21-cv-0948 W (AGS)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT AND REMAND [DOC. 9.]** |

Defendant COSTCO WHOLESALE CORPORATION ("Costco") removed this action from the San Diego Superior Court on May 18, 2021. (*See Notice of Removal* [Doc. 1-1].)  Plaintiffs Rocky Trevino and Corina Trevino now seek leave to file a First Amended Complaint ("FAC") naming two new defendants. (*Mot. to Amend* [Doc. 9].) Because these new defendants destroy diversity, Plaintiffs also move to remand. Costco opposes.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **GRANTS** the motion [Doc. 9].

1

## I. BACKGROUND

This lawsuit arises out of personal injuries suffered by Plaintiff Rocky Trevino when he was hit in the back of the head by an unsecured umbrella in a Costco food court. (*Compl.* ¶ 9.[1])

On February 9, 2021, Plaintiffs commenced this action in the San Diego Superior Court. (*See id.*) Plaintiffs' Complaint against Costco and Does 1–100 asserted three claims for relief: (1) premises liability, (2) negligence, and (3) negligent infliction of emotional distress. (*Id.* ¶¶ 12-30.)

On May 18, 2021, Costco timely removed the action on the basis of diversity jurisdiction. (*Notice of Removal* [Doc. 1-1].) In support, Costco stated that it is a Washington corporation with its principal place of business in Washington and Plaintiffs are citizens of California. (*Id.* ¶ 4.)

Plaintiffs now seek to amend the Complaint to include additional factual allegations and name two new defendants: "Front End Supervisor" Blake Marnell and "Assistant General Manager" Melissa Diaz. (*P&A* [Doc. 9-1] 3:12-23.) Because Mr. Marnell and Ms. Diaz are citizens of California, their addition to the action would divest this Court of diversity jurisdiction. (*Id.* 9:11-13.)

## II. LEGAL STANDARD

28 U.S.C. § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e). Congress added subsection (e) to allow remand if a plaintiff pursues joinder of a diversity-destroying defendant after removal. H.R. Rep. No. 100–889, at 72. Permitting joinder under § 1447(e) lies in the discretion of the Court. Newcombe v. Adolf Coors

---

[1] A copy of the Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit A [Doc. 1-2].

Co., 157 F.3d 686, 691 (9th Cir. 1998). A court should consider the following factors when weighing whether to permit joinder: (1) whether the new defendant is required for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against the new defendant in state court; (3) whether there has been an unexplained delay, or the joinder request is untimely; (4) whether the plaintiff intends joinder solely to defeat diversity jurisdiction; (5) whether the claims against the prospective defendant appear valid; and (6) whether the plaintiff will be prejudiced by denial of joinder. IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000)). Any of the factors might prove decisive, and none is a required condition for joinder. Vasquez v. Wells Fargo Bank, Nat'l Ass'n, 77 F. Supp. 3d 911, 921 (N.D. Cal. 2015). The case should be remanded if the court permits joinder of a non-diverse defendant. See 28 U.S.C. § 1447(c).

### III.  DISCUSSION

Plaintiffs argue the six factors set forth above weigh in favor of allowing joinder. (*P&A* 7:12-8:17.) The Court agrees.

First, Rule 19(a) requires joinder of persons whose absence would preclude complete relief, impede their ability to protect their interests, or subject a party to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a). "This standard is met when failure to join will lead to separate and redundant actions." IBC, 125 F. Supp. 2d at 1012 (citing CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir. 1991)). Amendment under section 1447(e) "is a less restrictive standard than joinder under [Rule] 19," but the standard is not met where the defendant is only tangentially related to the cause of action. Id.

Plaintiffs contend Mr. Marnell and Ms. Diaz "are liable for their negligent

training and supervision of Costco employees, and for failing to inspect or correct the unsafe and dangerous condition." (*P&A* 7:21-23.)  Costco's argument is aimed almost entirely at this first factor.  It argues that Mr. Marnell and Ms. Diaz are not necessary parties because complete relief could be afforded to Plaintiffs without them.  (*Opp'n* [Doc. 12] 4:13-14.)  Specifically, Costco maintains that the doctrine of respondeat superior imputes the liability of these employees to Costco and, as a publicly traded company, it is required to defend Mr. Marnell and Ms. Diaz.  (*Id.* 4:7-15.)  The Court is not persuaded, however, and finds that Plaintiffs sufficiently allege that Mr. Marnell and Ms. Diaz bear more than a tangential relationship to Plaintiffs' cause of action for negligence.  Indeed, "[t]he fact that Costco may be both directly liable for its negligence and vicariously liable for the negligence of [its employee] supports Plaintiff's argument that [the employee] is a necessary party to this action, and not merely tangentially related." Franco v. Costco Wholesale Corp., 2018 WL 6333674, at *2 (C.D. Cal. Oct. 30, 2018).  Accordingly, this factor weighs in favor of joinder.

Second, the statute of limitations for an injury to "an individual caused by the wrongful act or neglect of another" is two years.  Cal. Civ. Proc. Code § 335.1.  The two-year period for Plaintiffs to pursue a claim against Mr. Marnell and Ms. Diaz expired on February 17, 2021.  (*P&A* 7:23-8:2.)  This factor also weighs in favor of joinder.

Third, courts consider the delay between removal from state court and a motion to amend when determining whether to allow joinder of a non-diverse party.  See, e.g., Lopez v. Gen. Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983) (denying amendment to add defendant that was filed more than six months after removal and only days before consideration of a motion for summary judgment); IBC,125 F. Supp. 2d at 1012.  Plaintiffs allege they only became aware of Mr. Marnell and Ms. Diaz after being served with Costco's Rule 26 disclosures.  (*P&A* 8:8-11.)  Plaintiffs filed the instant motion to amend the Complaint on July 14, 2021, only one month after the Rule 26(f) report was filed on June 8, 2021.  The motion is timely, which counsels in favor of joinder.

Fourth, the motive behind seeking joinder of a non-diverse defendant is relevant as to whether to grant leave to amend. <u>Desert Empire Bank v. Ins. Co. of N. Am.</u>, 623 F.2d 1371, 1376 (9th Cir. 1980). Costco argues Plaintiffs seek to add Mr. Marnell and Ms. Diaz solely to destroy the federal court's diversity jurisdiction, requiring a remand to state court. (*Opp'n* 4:16-17.) However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." <u>IBC</u>, 125 F.Supp.2d at 1012 (citation omitted). Because of this, courts often consider whether the plaintiff is trying to delay proceedings unreasonably. <u>See Righetti v. Shell Oil Co.</u>, 711 F. Supp. 531, 534 (N.D. Cal. 1989). The Court declines to impute a motive to unreasonably delay proceedings here, as the case is still in the early stages and Plaintiffs have quickly moved to remand. Considering Mr. Marnell and Ms. Diaz's alleged participation in the incident, Plaintiffs' desire to add them as defendants is reasonable. This factor weighs in favor of granting joinder.

Fifth, "courts consider whether the claim sought to be added seems meritorious," which is not the same as the standard in either a motion to dismiss or a motion for summary judgment. <u>IBC</u>, 125 F. Supp. 2d at 1012. As discussed above, Plaintiffs' claims against Mr. Marnell and Ms. Diaz appear facially valid. Accordingly, this factor weighs in favor of joinder.

Finally, Costco does not contest that denial of joinder will prejudice Plaintiffs. Denying the amendment would force Plaintiffs to pursue redundant litigation in another forum or forego their potential claims against Mr. Marnell and Ms. Diaz. At the same time, little prejudice to Costco would result from permitting joinder, as the case is still in the early stages of litigation.

### IV.  CONCLUSION & ORDER

Having considered the relevant factors, Plaintiffs' motion for leave to amend is **GRANTED** [Doc. 9]. Because the amendment destroys diversity jurisdiction by naming

Mr. Marnell and Ms. Diaz as defendants, remand is warranted.  Accordingly, this Court **REMANDS** the action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated:  October 27, 2021

*/s/ Thomas J. Whelan*

Hon. Thomas J. Whelan
United States District Judge